UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAYLOR S.,                          Case No. 1:25-cv-10670

    *Plaintiff,*                     Patricia T. Morris
                                        United States Magistrate Judge

v.

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant.*
_____/

**OPINION AND ORDER DENYING**
**MOTION FOR ATTORNEY FEES (ECF No. 14)**

**I.    ORDER**

For the following reasons, the motion for attorney fees (ECF No. 14) **IS DENIED WITHOUT PREJUDICE**.

**II.    OPINION**

    **A.    Background**

This is a social security case. The parties have consented to the Undersigned "conducting any or all proceedings in this case, including entry of a final judgment and all post-judgment matters." (ECF No. 5). Before the Court is Plaintiff's counsel's motion for attorney fees under 28 U.S.C. § 2412. (ECF No. 14).

On August 15, 2025, Plaintiff filed a motion for summary judgment, arguing the ALJ's decision was not supported by substantial evidence. (ECF No. 10).

Pursuant to sentence four of 42 U.S.C. § 405(g), the parties then stipulated that the case should be remanded to the Commissioner for further proceedings. (ECF No. 12). This Court granted the stipulation and entered an order remanding the case on August 27, 2025. (*Id.* at PageID.709). It issued the final judgment the same day. (ECF No. 13). On November 25, 2025, Plaintiff's counsel filed the instant motion for fees pursuant to 28 U.S.C. § 2412. (ECF No. 14, PageID.711). The government did not respond.

B.    **Legal Standard**

Where a court renders a judgment favorable to a claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the Equal Access to Justice Act (EAJA),[1] including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action and must "also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). In addition, a claimant must be an eligible party; that is, one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

---

[1] Fees collected under the EAJA are paid by the Commissioner out of its own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *See Scappino v. Comm'r of Soc. Sec. Admin.*, No. 12-cv-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). A motion for attorney fees under 42 U.S.C. § 406, which is paid out of claimant's accrued benefit, is not before the Court.

2

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Comm'r*, 444 F.3d 837, 840 (6th Cir. 2006).

The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Although the plaintiff must allege the government's position was not substantially justified, the government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999); *Fields v. Comm'r of Soc. Sec.*, No. 16-cv-14189, 2019 WL 1253472, at *5 n.2 (E.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 643188 (E.D. Mich. Feb. 15, 2019).

The second requirement operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich. 1983).

3

A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position should be considered as a whole, including both the underlying agency action and the current litigation. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994)). The government's loss raises no presumption that its position was not substantially justified. *See United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991).

### C.  Discussion

While the motion is unopposed, the Court "has an independent obligation to determine the reasonableness of the fee award requested." *Dodson v. Saul*, No. 20-040, 2021 WL 2809110, at *1 (M.D. Tenn. July 6, 2021).

The EAJA sets out several requirements for a motion for fees. In addition to being timely and showing that the plaintiff was the prevailing party, the amount sought with an itemized statement, and that the plaintiff's net worth did not exceed $2,000,000,

> The party *shall also allege* that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

4

28 U.S.C. § 2412(d)(1)(B) (emphasis added); *see also Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (reviewing requirements under 28 U.S.C. § 2412(d)(1)(B)). Here, Plaintiff's motion did not allege that the position of the United States was not substantially justified.

In *Scarborough*, 541 U.S. at 405, counsel initially failed to allege the government's position was not substantially justified. "Pointing to that omission, the Government moved to dismiss the fee application. Scarborough's counsel immediately filed an amended application adding that the Government's opposition to the underlying claim for benefits 'was not substantially justified.'" *Id.* However, the thirty-day filing period had elapsed by then and the district court dismissed the application. *Id.* The Supreme Court reversed, holding that "a curative amendment is permissible and that Scarborough's fee application, as amended, qualifies for consideration and determination on the merits." *Id.* at 406.

The Supreme Court first clarified the thirty-day deadline for fee applications was not jurisdictional. *Id.* at 413–14. It then went on to discuss *why* Congress requires a fee applicant to allege the Government's position was not substantially justified. *Id.* at 414–19. In doing so, the Supreme Court discussed that the allegation requirement imposes no burden of proof on the applicant—which remains on the government—but that there must still not be a presumption against the Government simply because it lost the case. *Id.* at 414–15. It concluded:

5

> EAJA's ten-word not substantially justified allegation is a think twice prescription that stems the urge to litigate irresponsibly, at the same time, the allegation functions to shift the burden to the Government to prove that its position in the underlying litigation was substantially justified, § 2412(d)(1)(A).

*Id.* at 416 (citation modified). Nevertheless, discussing the purposes of the EAJA, the Supreme Court also noted that "the lapse here should not be fatal where no genuine doubt exists about who is applying for fees, from what judgment, to which court" and that "allowing the curative amendment benefits the complainant directly, and is not fairly described as simply a boon for his counsel." *Id.* at 417. The Court thus held that the amendment, after the 30-day filing period, related back to include the "not substantially justified" allegation and that "counsel's initial omission of the assertion that the Government's position lacked substantial justification is not beyond repair." *Id.* at 418–19.

The Court thus finds that (1) the "not substantially justified" allegation is a necessary requirement to Plaintiff's motion and (2) the initial omission of that allegation is not fatal to the motion but must be properly amended to assert the requisite standard or the motion would be denied.

### D. Conclusion

For these reasons, **IT IS ORDERED** that the motion for attorney fees (ECF No. 14) **IS DENIED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** fourteen (14) days from the date of this order to file an amended motion that includes all

necessary requirements.  The Government is **GRANTED** seven (7) days from that date to respond to the motion.

    **IT IS SO ORDERED.**

Date:  January 13, 2026                          s/PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge