UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAYLOR S.,

    *Plaintiff,*

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*
_____/

Case No. 1:25-cv-10670

Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER GRANTING
MOTION FOR ATTORNEY FEES (ECF No. 16)**

## I.    ORDER

For the following reasons, Plaintiff's motion for attorney fees (ECF No. 16) **IS GRANTED**.

## II.    OPINION

### A.    Background

This is a social security case. The parties have consented to the Undersigned "conducting any or all proceedings in this case, including entry of a final judgment and all post-judgment matters." (ECF No. 5). Before the Court is Plaintiff's counsel's motion for attorney fees under 28 U.S.C. § 2412. (ECF No. 16).

On August 15, 2025, Plaintiff filed a motion for summary judgment, arguing the ALJ's decision was not supported by substantial evidence. (ECF No. 10).

1

Pursuant to sentence four of 42 U.S.C. § 405(g), the parties stipulated the case should be remanded to the Commissioner for further proceedings. (ECF No. 12). This Court granted the stipulation and entered an order remanding the case on August 27, 2025; judgment was entered the same day. (*Id.* at PageID.709; ECF No. 13). On January 13, 2026, Plaintiff's counsel filed the instant amended motion for fees pursuant to 28 U.S.C. § 2412. (ECF No. 16).

### B.     Legal Standard

Where a court renders a judgment favorable to a claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the Equal Access to Justice Act (EAJA),[1] including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action and must "also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). In addition, a claimant must be an eligible party; that is, one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

---

[1] Fees collected under the EAJA are paid by the Commissioner out of his own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *See Scappino v. Comm'r of Soc. Sec. Admin.*, No. 12-cv-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). A motion for attorney fees under 42 U.S.C. § 406 is not before the Court.

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Comm'r*, 444 F.3d 837, 840 (6th Cir. 2006).

The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Although the plaintiff must allege the government's position was not substantially justified, the government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999); *Fields v. Comm'r of Soc. Sec.*, No. 16-cv-14189, 2019 WL 1253472, at *5 n.2 (E.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 643188 (E.D. Mich. Feb. 15, 2019).

The second requirement thus operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich.

1983). A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position should be considered as a whole, including both the underlying agency action and the current litigation. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994)). The government's loss raises no presumption that its position was not substantially justified. *See United States v. Real Prop. Located at 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991).

### C. Discussion

While the instant motion is unopposed, the Court "has an independent obligation to determine the reasonableness of the fee award requested." *Dodson v. Saul*, No. 20-040, 2021 WL 2809110, at *1 (M.D. Tenn. July 6, 2021).

The Court finds Plaintiff is eligible and has met the conditions for recovering the requested fees. First, there is no dispute that Plaintiff was the prevailing party, having won a remand to the Commissioner. "When a sentence-four remand is granted, the Plaintiff becomes the 'prevailing party' under the EAJA . . . ." *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017).

Second, the Commissioner has not argued his position was substantially justified, thus conceding the point. Additionally, the error requiring remand was readily apparent upon reading the administrative law judge's decision and the

4

government did not argue in support of the error. Although there is not a presumption against the government because it lost, it is the government's burden to show its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). It has not met that burden here. *Accord Cantu v. Comm'r of Soc. Sec.*, No. 18-cv-11409, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019) (collecting cases holding that substantial justification does not exist when the government does not oppose an application for fees). Because the Court finds the Commissioner's position was not substantially justified and has not found any special circumstances warranting a denial of fees, Plaintiff's counsel is entitled to an award of fees.

The question then becomes whether the requested fees are "reasonable." The EAJA provides that

> fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff's attorney avers he spent a total of 17.81 hours working on Plaintiff's case. "One could certainly quibble about some of the time entries . . . , but the government has elected not to do so. Nor does the total time claimed shock [the] conscience. In the absence of any challenge to the hours listed, [the Court] will

5

therefore accept them as reasonable." *Sakhawati v. Lynch*, 839 F.3d 476, 480 (6th Cir. 2016). Therefore, because an examination of the entries does not appear unreasonable nor shock the conscience, the requested number of hours will be awarded.

Plaintiff acknowledges the EAJA caps attorney fees at $125 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Citing to the Consumer Price Index (CPI), Plaintiff claims that a rate of $247.82 an hour is equivalent to $125 in 1996. But Plaintiff also acknowledges that he bears the burden of producing appropriate evidence to support the requested increase and that the CPI alone is insufficient to satisfy this burden. (ECF No. 16-1, PageID.736). *See Sakhawati*, 839 F.3d at 480–81. The rate "shall be based upon prevailing market rates for the kind and quality of the services furnished" within "a given community for attorneys of comparable skill, experience, and reputation." *Clark v. Comm'r of Soc. Sec.*, 849 F.3d 647, 650, 652 (6th Cir. 2016).

Here, besides citing to the CPI, Plaintiff's counsel avers only to his twenty years of practicing social security disability law in hundreds of administrative hearings and appeals. (ECF No. 16-1, PageID.734). He does not aver as to his typical rate, the market rate for other attorneys in the area practicing social security

6

disability law, nor the availability of attorneys to handle this kind of matter.

Nevertheless, despite the lack of supporting materials attached to Plaintiff's motion, the Court finds an hourly rate of $247.82 to not be unreasonable. First, as Plaintiff notes, the CPI provides evidence that this number is reasonable given inflation. Second, the Undersigned's review of the State Bar of Michigan's Economics of Law Report shows that a fee around $250 is reasonable for someone with Plaintiff's counsel's (1) number of years in practice, (2) specialized practice in administrative law, and (3) practice in the greater Detroit area (where Plaintiff lives). *See 2023 Economics of Law Report* 8–10, State Bar of Michigan, https://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf. Third, the Court notes that Plaintiff's counsel has recently been awarded a similar rate. *Baraka Y. v. Comm'r of Soc. Sec.*, No. 25-cv-11025, 2026 WL 115010, at *2 (E.D. Mich. Jan. 15, 2026) (collecting cases comparing similar rates from other attorneys in this district). The Court thus finds a rate of $247.82 to be reasonable in this case, but cautions counsel to more thoroughly support his requested rate in the future to ensure he is fairly paid for his work. Finally, counsel also requests renumeration for 5.82 hours of work done by a paralegal in this case at a rate of $100 an hour, which is reasonable. *Id.*; *Cantu*, 2019 WL 2314863, at *4–*5.

Plaintiff assigned his rights to any EAJA fees to counsel. (ECF No. 16-4, PageID.742). EAJA fees are typically paid directly to plaintiffs. *See Astrue v.*

7

*Ratliff*, 560 U.S. 586 (2010). However, given the assignment, the Commissioner may make payment of the fees directly to counsel, subject to any offset for preexisting debt Plaintiff owes the government. *Baraka Y.*, 2026 WL 115010, at *3; *Jordan v. Comm'r of Soc. Sec.*, No. 17-cv-33, 2017 WL 6451887, at *3 (N.D. Ohio Dec. 18, 2017) ("[W]hile the Commissioner may decide to make the fee payable to Plaintiff's attorney if he owes no preexisting debt to the United States, the Court will not so order." (citing *Kerr for Kerr*, 874 F.3d at 935)).

### D.     Conclusion

For these reasons, the Court **GRANTS** Plaintiff's motion for attorney fees (to be paid by the Social Security Administration) in the amount of $4,995.67 representing 17.81 attorney hours at $247.82 per hour, and 5.82 paralegal hours at $100.00 per hour.  (ECF No. 16).

**IT IS SO ORDERED.**

Date:  February 2, 2026                                          s/PATRICIA T. MORRIS
                                                                 Patricia T. Morris
                                                                 United States Magistrate Judge